IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                                    )
DAVID W. JOHNSON,                   )
                                    )
         Plaintiff,                 )
                                    )
v.                                  ) Civil Action No. 05-281
                                    )
METROPOLITAN WASHINGTON AIRPORTS    )
AUTHORITY,                          )
                                    )
         Defendant,                 )
_____)
```

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment. Plaintiff, who is African American, worked as a police officer for Defendant and brought suit against Defendant after he was fired in 2003 claiming racial discrimination, retaliation, and that Defendant violated 42 U.S.C. § 1981 (2000) by refusing to continue a contract of employment based on race. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it involves issues of federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and § 1981.

In June 2003 the manager of the US Airways Club (Club) at the airport complained to Defendant about police officers entering the Club during nonbusiness hours without permission. Defendant investigated its police force. At that time, Plaintiff

1

worked the midnight shift patrolling the airport terminal area. During the investigation, Defendant determined that Plaintiff and another officer had entered the Club without permission. Defendant questioned Plaintiff about his conduct after informing him of his Garrity rights. Garrity v. New Jersey, 385 U.S. 493 (1967).

Plaintiff admitted that he never had a key to the Club. He entered the Club by using a key to gain access to a mechanical room behind the Club and then entered through a back entrance of the Club connected to the mechanical room. At some point, Plaintiff lost his key to the mechanical room, but he still entered the Club through the mechanical room by using a plastic card to jiggle the locked door until it opened. He admitted that he had taken food from the Club and spent time there meditating or taking a break while he was supposed to be on patrol.

After the investigation, the internal affairs investigator recommended that both Plaintiff and the other officer be fired. On September 8, 2003, Defendant suspended Plaintiff and placed him on administrative leave pending a final decision. Defendant charged Plaintiff with violating four general orders of the Defendant's Police Department including: performance of duty; attention to duty; conduct unbecoming a member of the police department; and obedience to law, regulations, and orders. On September 23, 2003, Plaintiff submitted a written response to the

suspension. After consideration, Defendant rejected Plaintiff's response and terminated his employment as of September 26, 2003.

On October 3, 2003, Plaintiff and his counsel sought an appeal of his termination in a meeting with the Vice President for Public Safety. Plaintiff raised racial discrimination as a factor in his termination, for the first time, at that meeting. On October 9, 2003, Plaintiff submitted a written statement to Defendant further detailing the allegation of racial discrimination. On October 10, 2003, Defendant denied his appeal and informed Plaintiff that he could file a grievance pursuant to his union contract.

The other police officer implicated in the investigation, Corporal Gray (Gray), also African American, faced the same type of disciplinary action as did Plaintiff. However, after Gray met with Defendant on October 20, 2003, Defendant decided to suspend Gray and demote him instead of terminating his employment. Defendant claims that it modified the disciplinary action taken against Gray because he accepted responsibility, showed remorse, and his conduct was less egregious than Plaintiff's.

On October 24, 2003, Plaintiff filed a grievance with the union and demanded arbitration. On March 30 and April 13, 2004, the Federal Mediation Conciliation Service held arbitration hearings concerning Plaintiff's grievance. On August 18, 2004, the arbitrator issued a decision stating that Defendant proved by

clear and convincing evidence that Plaintiff violated the general orders of the Defendant's Police Department and engaged in inappropriate behavior.  However, the arbitrator also modified the disciplinary action and ordered Defendant to retroactively reinstate Plaintiff effective January 1, 2004, which Defendant subsequently did.

On December 12, 2003, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC).  The EEOC issued Plaintiff a right to sue letter on December 15, 2004.  Plaintiff brought this suit in this Court on March 15, 2005, within the ninety day time limit imposed by Title VII.  This matter is ripe for this Court to decide.

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A court must regard the evidence in the most favorable light to the nonmoving party. Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004).  Once a summary judgment motion is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "Mere speculation by the non-movant cannot create a genuine issue of material fact." JKC Holding Co. LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001).

4

In order for Plaintiff to prove that he was discriminated against in Count 1, he must show "(1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances." Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 133 (4th Cir. 2002). Plaintiff failed to make a prima facie showing in Count I because he did not perform his duty in a satisfactory manner. While the Court could look to the arbitrator's decision that Plaintiff did not perform his duty in a satisfactory manner as a final decision under a theory of issue preclusion, the Court holds that the evidence presented shows that Plaintiff's conduct was not satisfactory as a matter of law. Plaintiff entered the Club without permission, took food from the Club without permission, and spent time in the Club when he was on duty and should have been out patrolling the airport terminal. Therefore, the Court grants summary judgment for Defendant on Count I.

In order for Plaintiff to prove that he was retaliated against in Count 2, he must show "that he engaged in protected activity, that [Defendant] took adverse action against him, and that a causal relationship existed between the protected activity and the adverse employment activity." Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Plaintiff engaged in a protected

5

activity when he lodged an appeal with Defendant on October 3, 2003, and raised the possibility that his termination was due in part to racial discrimination.  The alleged adverse action occurred when Defendant did not reinstate him on October 10, 2003.  However, Plaintiff failed to show a causal relationship between his discrimination allegation on October 3 and Defendant not reinstating him on October 10.

   Plaintiff's appeal did not present a viable reason for Defendant to reinstate Plaintiff regardless of his discrimination allegation.  In his appeal, Plaintiff contradicted his prior statements, attacked the conduct of the investigation, tried to minimize his improper behavior, and  accepted responsibility in an unconvincing manner.  The appeal, as a whole, simply did not merit serious consideration.  Adding an accusation of racial discrimination to it did not validate an otherwise invalid claim.  Thus, Plaintiff did not show that Defendant's rejection of his appeal and refusal to reinstate had any connection to him raising the issue of racial discrimination in his appeal.

    Even if Plaintiff had shown some causal connection between his discrimination allegation and not being reinstated, Defendant had legitimate, non-discriminatory reasons to not reinstate Plaintiff.  Under the <u>McDonnell Douglas</u> burden shifting test, once a plaintiff establishes a prima facie case, the burden shifts to the defendant to show that there was some legitimate,

6

non-discriminatory reason for the employment action. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). If the defendant carries its burden, then the burden shifts back to the plaintiff to show that the defendant's stated reason is mere pretext. Id. Defendant had legitimate reasons to terminate Plaintiff after he entered the Club without permission, took food from the Club without permission, and spent time in the Club when he was on duty and should have been out patrolling the airport terminal. Furthermore, Plaintiff did not appear to appreciate the seriousness of his impropriety nor show proper remorse.

Plaintiff tried to show that Defendant's reasons for not reinstating him were pretextual because Gray, who did not complain about racial discrimination, was reinstated to his job. However, Plaintiff did not account for the factual differences between Gray's and his situations. Gray admitted responsibility and apologized sincerely and profusely, whereas Plaintiff reluctantly admitted his actions but did not appear to be remorseful. Also, Gray's behavior was not as egregious as Plaintiff's because Gray never jiggled the locked door to that room open with a plastic card as Plaintiff admitted to doing. Further, Defendant still punished Gray by demoting him and suspending him, but to a lesser extent than Plaintiff, in keeping with the differing levels of misconduct and amounts of sincerity. Thus, the Court holds as a matter of law that Plaintiff failed to

7

satisfy the McDonnell Douglas test to show that Defendant's reasons to not reinstate him were pretextual. Therefore, the Court grants summary judgment for Defendant on Count II.

Finally, in order for Plaintiff to establish his 42 U.S.C. § 1981 claim in Count III, he must show that "(1)[he] is a member of a racial minority; (2) the defendant intended to discriminate against [him] on the basis of race; and (3) the discrimination concerned a privilege protected under § 1981." Johnson v. Toys "R" Us - Del., Inc., 95 F.App'x. 1, 6 (4th Cir. 2004). Plaintiff must show some intentional discrimination by Defendant because "§ 1981... can be violated only by purposeful discrimination." Gen. Bldg. Contractors Ass'n, Inc. v. Pa., 458 U.S. 375, 391 (1982). Plaintiff failed to present any evidence of intentional discrimination instead relying on circumstantial evidence of disparate treatment between employees. The one email offered by Plaintiff to try to show that white MWAA Officers were treated more favorably than Plaintiff does not evince any reasonable evidence of disparate treatment. Thus, the Court grants summary judgment for Defendant on Count III.

An appropriate order shall issue.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 24, 2006

8